[Civ. No. 1036.    Third Appellate District.—April 18, 1913.]

## RICHARD BESWICK, Appellant, v. CHURCHILL COMPANY (a Corporation), et al., Respondents.

DISTRICT COURT OF APPEAL—JURISDICTION OF APPEAL IN EQUITY CASE.— The district court of appeal cannot acquire jurisdiction of an appeal taken directly to it in a suit in equity to set aside a deed on the ground of fraud and for a judgment for two thousand dollars in money, the alleged value of the rents and profits from the property.

ID.—JURISDICTION—AMOUNT IN CONTROVERSY.—The district court of appeal does not have jurisdiction of a direct appeal to it, where the complaint calls for a money judgment for one hundred and eleven thousand, five hundred dollars.

APPEAL from the Superior Court of Siskiyou County. Jas. F. Lodge, Judge.

The facts are stated in the opinion of the court.

A. H. Davis, and B. K. Collier, for Appellant.

J. R. Tapscott, and Bert Schlesinger, for Respondents.

THE COURT.—This is a suit in equity to set aside, on the ground of fraud, certain deeds purporting to convey certain real property situated in Siskiyou and Modoc counties and for a judgment against the defendants for the sum of one hundred and eleven thousand five hundred dollars, the alleged value of the rents and profits from said property. The appeal is directly to this court, but, since the action is one in equity, it is obvious that under the constitution, this court cannot thus acquire jurisdiction thereof. Moreover, the complaint calls for a money judgment for one hundred and eleven thousand five hundred dollars, and the jurisdiction of the district courts of appeal is, in that regard, limited, by direct appeal, to those cases in which the demand, exclusive of interest, or the value of the property in controversy, does not amount to two thousand dollars. (Const., art. VI, sec. 4.)

It follows that the cause must be transferred to the supreme court, and such is the order.

CHIPMAN, P. J.
BURNETT, J.
HART, J.